```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MARCO GONZALEZ,                  )
                                 )
              Plaintiff,         )
                                 )
     v.                          )    No. 08 C 3718
                                 )
ABBOTT LABORATORIES,             )
                                 )
              Defendant.         )
```

## MEMORANDUM ORDER

Abbott Laboratories, Inc. ("Abbott") has filed its Answer to the employment discrimination Complaint filed against it by its ex-employee Marco Gonzalez ("Gonzalez"). Gonzalez has brought this action pro se, using the form Complaint of Employment Discrimination provided by this District Court's Clerk's Office and filling in most (though not all) of the requested information via hand printing. This memorandum order is issued sua sponte (1) to send Abbott's counsel back to the drawing board to correct some fundamental errors in its responsive pleading and (2) to require Gonzalez to fill in an important matter of information that he has omitted from his Complaint.

As for Abbott, its counsel (though a member of a firm with extensive federal court experience) has failed to conform to the disclaimer requirements plainly marked out in Fed. R. Civ. P. ("Rule") 8(b)(5)--in that respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly Answer ¶¶2, 8 and 13 are stricken, albeit with leave

granted to Abbott to file appropriately amended responses to the corresponding allegations in the Complaint on or before September 22, 2008. Abbott's counsel must also omit its present meaningless demand for "strict proof" (whatever that may mean) from revised Answer ¶13.

As for Gonzalez, Answer ¶8 correctly points out that his Complaint ¶8(b) has failed to identify the date when he received EEOC's right-to-sue letter. In that respect the Complaint's attached right-to-sue letter shows a March 31, 2008 mailing date, while Gonzalez filed this action 91 days later (on June 30). Hence there is no question as to the timeliness of the Complaint, because even a next-day delivery of the mail to Gonzalez would have brought this lawsuit within the statutorily-prescribed 90-day period. Nonetheless Gonzalez should promptly file a one-paragraph supplement to the Complaint identifying the date of receipt as a purely informational matter.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2008